## SUPREME COURT.

CLAPP and others agt. UTLEY and others.

Where the assignee in the assignment for the benefit of creditors, was directed
"to dispose of the property at such time, and in such lawful manner as he shall
deem prudent and advisable, and to convert the same into money," *Held*, a
valid and proper direction.

*New - York Special Term, April,* 1858.
MOTION for judgment of dismissal of complaint.

STORRS & SEDGWICK, *for plaintiffs.*
G. O. HULSE, *for defendants.*

CLERKE, Justice. I will say in this case, what the court at
general term said through me in *Bellows* agt. *Patridge*, (19 *Bar-
bour*, 176,) that "the trust contains no express authority to de-
lay the conversion of the property into money, beyond what
the effectual performance of the trust necessarily required."
In that case, the assignee was authorized in the instrument,
"to convert the assigned property into money by sale, either
public or private, as soon as reasonably practicable, with due
regard to the rightful interests of the parties." In this case, the
assignee is directed " to dispose of the property at such time and
in such lawful manner, as he shall deem prudent and advisa-
ble, and to convert the same into money." In both cases, I
think an equal amount of discretion is left to the assignees, but
in neither " nothing more than what the effectual performance
of the trust necessarily required." The exact moment of the
sale can never be prescribed in the instrument, and if it can-
not be prescribed, it must be determined subsequently, accord-
ing to the best judgment of the assignee. The time must de-
pend upon the peculiar circumstances of each case. The
extrinsic circumstances are not sufficient to set aside this
assignment. Complaint dismissed with costs.